# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS SANDERS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3399 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Curtis Sanders, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony convictions for possession and delivery of cocaine.   Respondent filed a motion for summary judgment.  (Docket Entry No. 13.) Petitioner filed a response.  (Docket Entry No. 14.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case.

### Procedural Background

Petitioner was convicted of possession and delivery of cocaine.  Pursuant to a plea bargain agreement on punishment, petitioner was sentenced to twenty years incarceration under the delivery conviction and thirty-five years under the possession conviction.  The convictions were affirmed on appeal.  *Sanders v. State*, No. 14-04-0391-CR and -392-CR (Tex. App. – Houston [14th Dist.] 2005, pet. ref'd) (not designated for publication).  The Texas Court of Criminal Appeals refused discretionary review and denied his applications

for state habeas relief without a written order on the findings of the trial court without a

hearing. *Sanders*,  Application Nos. 16,468-11,-12.

Petitioner raises the following grounds for federal habeas relief:

(1)   insufficiency of the evidence;

(2)   ineffective assistance of trial counsel in

(a)   failing to prepare a defense;

(b)   failing to file pretrial motions;

(c)   failing to investigate the case;

(d)   failing to suppress illegal enhancements;

(e)   informing petitioner that his were state jail felony charges;

(f)   failing to subpoena defense witnesses;

(g)   failing to challenge the police officers' testimony;

(h)   failing to cross-examine a police officer;

(i)   failing to object to the indictment and the amended indictment;

(j)   failing to locate potential alibi witnesses;

(k)   failing to call petitioner's wife and ex-wife as witnesses;

(l)   failing to request a pretrial hearing;

(m)   failing to challenge the illegal search and seizure;

(n)   giving petitioner erroneous advice;

(o)   failing to make an opening statement;

2

(p)    failing to move to suppress the evidence;

(3)    a defective indictment with illegal enhancements;

(4)    an illegal search and seizure; and

(5)    an unlawful arrest.

Respondent argues that a number of these claims have been procedurally defaulted and are barred from consideration by this Court, and that the remaining claims fail as a matter of law.

### Factual Background

The state appellate court set forth the following statement of facts in its opinion:

Officer Jim Goies of the Houston Police Department testified that on June 20, 2003, he was working undercover for the Narcotics Division. He went to an intersection that had been the subject of numerous complaints regarding the sale of illicit drugs. After failing to purchase drugs from anyone inside a laundromat, Goies exited and saw two people sitting in a vehicle in the parking lot. Goies stated that he gave them a 'street sign' suggesting that he wanted to purchase drugs, and the driver of the vehicle motioned him over. Goies identified appellant as the driver of the vehicle. Goies stated that he told appellant he wanted to purchase $20 worth of crack cocaine, and appellant told him to get inside the car. Goies got in, and appellant retrieved a plastic bag containing rock-like substances from the driver's door. Appellant reached into the bag, pulled out two objects, and gave them to Goies. Goies gave appellant $20 and exited the vehicle. Goies then contacted his partner, Shy Reece, and told him that an illicit drug transaction had just occurred.

Officer Reece testified that he was watching the transaction through binoculars from a distance. Although he could not see the details of the transaction, he did see Goies enter and exit a tan Mazda. After receiving word from Goies, Reece contacted another officer in a marked patrol unit, giving him a description of the vehicle and requesting that he detain the occupants. A

3

uniformed officer then detained appellant and the female in the car until Goies reappeared on the scene. Goies identified the appellant at the scene and arrested him. The female was released. Goies then searched the vehicle and discovered a plastic bag containing additional rock-like substances in the driver's door. Goies acknowledged that the $20 bill he had given appellant was never recovered.

Vipul Patel, an HPD chemist, testified that he tested the substances delivered to Goies and the substances found in the plastic bag. Both tested positive for cocaine. The substance delivered to Goies weighed less than one gram, and the substance found in the bag weighed 1.5 grams.

Appellant testified that on the night in question, he was at the laundromat with his common law wife to wash clothes. He stated that he drove a gold Chrysler Sebring and not a tan Mazda. He further stated that while he was talking to a woman whom he knew, a police officer called him over to the officer's vehicle, searched him, his wife, and his vehicle, but found nothing. The officer told him to get in the car; they drove around for awhile before returning to find appellant's car with the door open and the windows rolled down. According to appellant, the officer then drove him to a police substation and made two or three calls on his radio, saying 'y'all better come over and identify this man. If you don't I'm going to turn him a loose [sic].' Appellant said that his vehicle was towed to the substation and searched once more; this time the officer pulled something out. Appellant specifically denied having seen Goies prior to appearing in court. He also denied selling drugs.

Appellant was charged with and convicted of unlawfully, intentionally, and knowingly possessing a controlled substance, namely cocaine, weighing more than one gram but less than four grams. He was further charged with and convicted of unlawfully and knowingly delivering by actual transfer to Officer Goies, a controlled substance, namely cocaine, weighing less than one gram. The State sought to increase punishment by making several enhancement allegations. After the jury returned a verdict of guilty, counsel and appellant announced to the court that they had reached a plea bargain regarding punishment. The court sentenced appellant pursuant to this agreement to twenty years' incarceration for the delivery conviction and thirty-five years' incarceration for the possession conviction.

*Sanders*, at *2-3 (citations omitted).

4

*The Applicable Legal Standard*

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state court adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *See id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

5

factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### Insufficiency of the Evidence

Petitioner argues that the evidence is legally and factually insufficient to support his convictions for possession and delivery of a controlled substance.  Contentions regarding factual insufficiency of the evidence are strictly matters of state law, not federal Constitutional law, and cannot support relief in a federal habeas case.  *Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993).  Accordingly, petitioner's factual sufficiency challenges cannot be considered by this Court.

Petitioner's legal sufficiency challenges raise cognizable federal habeas claims.  In habeas proceedings in the federal courts, the sole consideration regarding sufficiency of the evidence is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S. at 319.  In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact

finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). All credibility choices and conflicting inferences are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). Moreover, federal courts are obliged to pay great deference to the state appellate court's analysis of the evidence and its determination concerning the sufficiency of the evidence to uphold the verdict. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).

In overruling petitioner's legal sufficiency challenge, the state court of appeals in the instant case held as follows:

> Appellant contends that the evidence was insufficient to sustain his convictions because the record reflects that (1) the $20 bill that was allegedly used to purchase the cocaine was not recovered, and appellant did not have time to dispose of it; (2) Officer Reece did not see a drug transaction occur or see the appellant toss anything out of the vehicle's window, even though he was watching through binoculars; (3) appellant was driving a gold Chrysler on the evening in question and not a tan Mazda; and (4) appellant testified that very different events occurred that evening.

> Appellant's first point, that the $20 bill was not recovered, must be viewed in light of Goies's positive, clear, direct testimony that he purchased and received cocaine from appellant. Although the jury could have considered the failure to recover the bill in assessing Goies's credibility as a witness, this fact was not so damaging that the jury could not still have believed Goies's testimony over that of appellant. Indeed, the testimony of Goies and Reece reflects that several minutes elapsed between the time Goies was in the vehicle and the time appellant was arrested and searched. Appellant could have easily disposed of the bill in some fashion during that time. Goies testified that they do not always recover marked money when making an arrest for selling illicit drugs to an undercover officer.

> Second, appellant relies on Reece's testimony that he could not actually see the details of what transpired inside the vehicle and did not see appellant throw

anything outside the vehicle.  Reece was seventy-five yards away from the vehicle at the time of the transaction, and although he was watching through binoculars, he stated that he could not have seen anything below the vehicles' windows.  Thus, Reece's testimony does not refute Goies's testimony that he purchased cocaine from appellant.  Further, just because Reece did not see appellant throw anything out of the vehicle's window does not mean that appellant did not dispose of the $20 bill at some point.  Reece did not testify that he kept close watch on appellant's movement from the time Goies exited the vehicle until the time appellant was searched.

Appellant's third assertion, that he was driving a gold Chrysler when Reece testified appellant was driving a tan Mazda, is completely a matter of witness credibility for the jury to decide.  The jury could have believed Reece's testimony on this point and disbelieved appellant's testimony.  Likewise, regarding appellant's fourth assertion, the fact that appellant testified to very different events than did Officers Goies or Reece was also a matter of assessing credibility and reconciling conflicts in the evidence; thus, whether to believe appellant or the officers was for the jury to decide.

In summary, none of the arguments raised by appellant renders the evidence legally or factually insufficient to sustain the verdict.

*Sanders*, at *3-5 (citations omitted).

The state court of appeals' findings in its opinion are supported by the record, and are in accord with this Court's independent review of the record.  The record shows that on the evening of June 20, 2003, Officer Goies was pursuing an undercover narcotics investigation at a laundromat on the corner of Sauer and Elgin in Houston, Texas. R.R. Vol. 3, pp. 7-8. Goies approached petitioner's vehicle parked outside the laundromat, and requested "a couple dime rocks."   An unknown female was sitting in the passenger side of the vehicle. Petitioner indicated that he had the items, and told Goies to get inside the car.  *Id*., pp. 12-13. Once he was inside, petitioner handed Goies  two rock-like substances from a plastic bag,

and Goies handed him $20.00 in cash.  *Id.*, pp. 13, 16.  Goies testified that the serial numbers on the money he gave petitioner had been recorded.  *Id.*, p. 16.  Goies exited the vehicle and reported the transaction to other officers, who then arrested petitioner.  *Id.*, p. 20.  Goies performed a field test on the substances, which tested positive for cocaine.  *Id.*, p. 24.  A Houston Police Department chemist testified that the two rock-like substances were cocaine with a combined weight of 1.9 grams.  R.R. Vol. 3, pp. 54, 56.  To Goies's knowledge, the $20.00 cash was never recovered.  *Id.*, p. 35.

Petitioner stated that he "never saw Officer Goies before in my life," and denied selling cocaine to him.  *Id.*, p. 66.  Petitioner testified that he and his common-law wife drove to the laundromat that evening to wash clothes and pick up dry cleaning.  *Id.*, p. 63.  He testified that an unidentified police officer walked up to his car, searched it, and found nothing.  The officer told petitioner to get in the back seat of his patrol car, and drove around for a few minutes.  When they returned, petitioner's car door and window were open.  The officer then drove petitioner to a police station where he was arrested.  *Id.*, pp. 66-67.  Police officers found a plastic bag of cocaine in his car.  Petitioner stated that the cocaine was not his.  *Id.*, pp. 70-71.  Petitioner testified that the unidentified officer who drove him around and arrested him was not in the courtroom.  *Id.*, p. 71.  Petitioner contends in his briefing that this unknown officer planted the cocaine in petitioner's car.

Petitioner was charged with unlawfully, intentionally, and knowingly possessing a controlled substance, namely cocaine, weighing more than one gram but less than four grams.

9

*See* TEX. HEALTH & SAFETY CODE § 481.115.  He was further charged with unlawfully and knowingly delivering by actual transfer to Officer Goies, a controlled substance, namely cocaine, weighing less than one gram.  *Id.*, § 481.112.  The indictment and jury charge tracked the statutory language.  The evidence shows that petitioner was in possession of, and that he delivered to Officer Goies, crack cocaine weighing more than one gram but less than four grams.  Petitioner's disagreement with the truthfulness of the officers' testimony was a matter of credibility for determination by the jury, and does not impact the legal sufficiency of the evidence.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts in light of the evidence.  The evidence is sufficient to support petitioner's convictions under *Jackson*.  Accordingly, respondent is entitled to summary judgment dismissing petitioner's claim of legally insufficient evidence.

### Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient

10

performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

11

Of his numerous instances of alleged ineffective assistance of counsel, petitioner raised on direct appeal counsel's failure to make an opening statement, and counsel's failures to investigate or challenge the enhancement paragraphs.  On state collateral review, petitioner raised the following instances of ineffective assistance of counsel:  failure to prepare an adequate defense;  failure to file pretrial motions; failure to suppress illegal enhancements; failure to challenge the indictments; fraudulently leading petitioner to believe that his were state jail felony charges carrying a punishment of 180 days to two years; failure to subpoena witnesses; failure to challenge the conflicting, contradictory testimony of the two police officers; failure to question Officer Clopton; and failure to challenge the officers' mistaken descriptions of petitioner's vehicle.

Respondent correctly asserts that petitioner failed to raise the following instances of ineffective assistance on either direct appeal or collateral review, and that they are procedurally defaulted and barred from consideration by this Court:  failing to locate potential alibi witnesses; failing to call petitioner's wife as a defense witness; failing to request a pretrial hearing; failing to challenge the illegal search and seizure; giving petitioner erroneous advice; failing to object to the amended indictment; and failing to move to suppress the evidence.  *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).  Federal habeas relief will not be granted on a procedurally-defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

12

that failure to consider the claim will result in a fundamental miscarriage of justice in that he is actually innocent of the offense.  Petitioner satisfies none of these requirements, and the Court is barred from consideration of the defaulted habeas grounds.  *See Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997).

On direct appeal, petitioner alleged that counsel was ineffective in failing to make an opening statement.   In rejecting this claim, the state court of appeals held as follows:

> Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective.  The Court of Criminal Appeals has stated that in the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the alleged failings of trial counsel. This is particularly true when the alleged deficiencies are matters of omission and not of commission that may be revealed in the record.

> In his fifth issue, appellant specifically argues that his counsel was ineffective during the guilt/innocence phase because she failed to (1) make an opening statement, (2) file a motion for the appointment of an investigator, (3) file a motion to have the substances weighed without packaging materials, and (4) obtain rulings on various motions. We begin by noting that each of these alleged deficiencies is a matter of omission, and the record is silent as to why appellant's trial counsel failed to perform these tasks.

> Regarding appellant's first argument, concerning counsel's failure to make an opening statement, we further note that the record reflects that the prosecutor did not make an opening statement; thus, defense counsel could not make an opening statement prior to presentation of the State's case. Because the defense called only one witness, appellant himself, trial counsel may have had strategic reasons for waiting until closing argument to address the jury.

*        *        *        *

13

Lastly under this issue, appellant argues that counsel's failure to obtain rulings on various motions (many apparently filed by appellant himself) constituted ineffective assistance. Appellant fails to provide any analysis of the motions or how the failure to obtain a ruling caused him any prejudice. Thus, this argument is inadequately briefed and not supported by the record.

In his sixth issue, appellant specifically argues that trial counsel was ineffective during the punishment phase because she failed to (1) object to the State's failure to prove the enhancement paragraphs, (2) obtain a ruling on the motion to quash the enhancement paragraphs, and (3) adequately investigate the alleged prior convictions. Again, the record is completely silent regarding counsel's omissions. Specifically, the record does not reflect whether or not counsel investigated the prior convictions or what an investigation would have revealed. Thus, appellant cannot meet either prong of the *Strickland* test.

Based on the foregoing, we find that appellant failed to meet his burden of demonstrating ineffective assistance of counsel on the record.

In denying petitioner's application for state habeas relief as to the conviction for delivery of a controlled substance, the state trial court made the following findings:

Having reviewed the documents filed in cause number 952797-A and the official trial court records of the challenged conviction, the Court adopts as Findings of Fact the history of the case as set forth in Respondent's Original Answer. The Court further finds that the facts asserted in the affidavit of [trial counsel] filed in this cause are true and that said facts together with the contents of official trial records demonstrate that:

1. Since Applicant fails to present any allegation or evidence that he challenged the indictment, returned on September 4, 2003, by way of pre-trial motion to quash, Applicant cannot presently challenge the indictment in the instant habeas proceeding.

2. The indictment is legally sufficient since it tracked the statutory language for the delivery of a controlled substance in Section 481.115 of the Penal [sic] Code.

14

3.   Applicant's plea of true to the enhancement paragraphs was sufficient evidence to support the trial court finding the enhancement paragraphs true.

4.   Applicant's challenges to the legality of the search and seizure need not be considered on habeas since these claims are not cognizable on habeas unless raised on direct appeal.

5.   The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel[.]

*Sanders*, p. 85 (citations omitted).  In denying petitioner's application for state habeas relief as to the conviction for possession of a controlled substance, the state trial court made the same findings as above, except that it found the indictment sufficient because it tracked the statutory language for possession of a controlled substance.  The Texas Court of Criminal Appeals expressly relied on the trial court's findings in denying habeas relief.

Each of petitioner's non-defaulted allegations of ineffective assistance of counsel will be discussed separately, below.

<u>Failure to Make an Opening Statement</u>

On direct appeal, petitioner complained that counsel failed to make an opening statement.  Ineffective assistance claims generally are not reviewable on direct appeal because the record has not yet been established before the district court.  *See United States v. McIntosh*, 280 F.3d 479, 481 (5th Cir. 2002).  Indeed, as the Fifth Circuit has noted, claims of inadequate representation can be resolved on direct appeal only in rare cases where an

15

adequate record allows a fair evaluation of the merits of the claim.  *Id.*; *see also United States v. Lampaziane,* 251 F.3d 519, 523 (5th Cir. 2001).

By raising this claim only on direct appeal, petitioner limited himself to arguing and proving his claim through the state court trial record.  As correctly and reasonably noted and determined by the state court of appeals, the prosecutor did not make an opening statement; thus, under state law, defense counsel could not make an opening statement prior to presentation of the State's case.  The state court further noted that because the defense called only one witness, appellant himself, trial counsel may have had strategic reasons for waiting until closing argument to address the jury. The bare fact that counsel made no opening statement establishes neither deficient performance nor prejudice.  Consequently, petitioner fails to rebut the strong presumption afforded by *Strickland* that counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

<u>Failure to Investigate or Prepare an Adequate Defense</u>

Petitioner avers that trial counsel failed to investigate the case or prepare an "adequate defense."  In her affidavit submitted to the trial court on collateral review, counsel testified as follows:

16

> I do know that I sufficiently investigated the case. I met with Curtis Sanders in jail and in the courtroom to obtain the name of all possible witnesses. I personally went to the Third Ward area of Houston to locate witnesses. I was able to locate the son of the defendant on February 17, 2004. The son's name is also Curtis Sanders. He stated that he did not have any information concerning this case and did not wish to be called as a character witness. I also attempted to locate James Charles in [the] Third Ward area. I have attached a handwritten map which defendant and I prepared together on directions to be used to locate the witness. This is in fact the map that I used when I searched for the witness.
>
> I also discussed this case with Essie Sanders on February 12, 2004. I was informed that the defendant had been in and out of jail so much in his life until the family simply does not want to be bothered with him. No family members want[ed] to testify at the trial for defendant. I also tried to contact Pat White at [telephone number]. However, as I informed defendant, that was not a working number. She was not a witness to the alleged offense. I would have called her only as a character witness if I had been able to locate her.
>
> I believe I sufficiently prepared a defense. I tried many times to contact James Charles personally. A subpoena was issued for him at [street address]. Defendant stated that James Charles towed his car after the police had the car for about 40 minutes. The defendant stated that he wanted to testify in his own defense concerning what happened on the date of the alleged offense. He was aware that I did not have witnesses to call in his behalf.

*Sanders*, pp. 46-47. Counsel additionally testified that she challenged the officers' testimony by showing that their version of the offense was not credible because they could not see the location of the alleged incident from the location where they were parked. *Id.*, p. 47-48. The state habeas court found counsel's affidavit credible, and determined that petitioner was afforded reasonably effective assistance of counsel. Petitioner presents no probative summary judgment evidence of a viable, omitted defense or of the inadequacy of counsel's investigation or preparation of a defense.

17

Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence. Nor does petitioner show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No grounds for federal habeas relief are shown.

<u>Failure to File Pretrial Motions</u>

According to petitioner, trial counsel was ineffective in failing to file pretrial motions. In her affidavit submitted to the state court on collateral review, counsel testified as follows:

The following pretrial motions were filed in this case:

a)      Motion for Evidence Favorable to the Defendant

b)      Defendant's Motion Electing To Have the Jury Assess Punishment

c)      Defendant's Motion to Shuffle Jurors

d)      Motion for Disclosure Pursuant to Rule 404 and Rule 609 of Texas Rules of Criminal Procedure

e)      Motion for Discovery and Inspection

f)      Defendant's Motion for Pretrial Hearing For Determination Of Admissibility of Priors

I did believe that it was necessary and beneficial to file the above motions. This provided me the opportunity to thoroughly review the State's file and do all necessary investigation on the case.

*Sanders*, p. 45. Petitioner presents no probative summary judgment evidence that counsel failed to file pretrial motions, and, in fact, his argument is belied by the record. Petitioner

fails to show that any allegedly unfiled motion would have been granted and that, but for counsel's deficiency, there is a reasonable probability that the result of his trial would have been different.  Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence. Nor does petitioner show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

Failure to Suppress Illegal Enhancements

Petitioner claims that counsel was ineffective in failing to challenge or suppress the purportedly illegal prior convictions used as enhancement paragraphs during guilt-innocence and at the punishment phase of trial.

In denying relief regarding use of the enhancements at punishment, the state habeas court expressly found that petitioner pleaded "true" to the enhancements for purposes of his plea bargained punishment. *Sanders*, p. 85.  The judgment signed by the trial court reflects that petitioner pleaded "true" to two enhancement paragraphs.  Clerk's Record at 113. Petitioner presents no probative summary judgment evidence that the prior convictions used for enhancement purposes were not true, void, or otherwise subject to a valid challenge.

Although petitioner purports he was "completely unaware" of the plea bargain agreement at punishment, the record reveals the following exchange directly between the trial court and petitioner himself:

19

THE COURT:          So the Defendant has decided not to take his punishment phase to the jury.  Is that right Mr. Sanders?

[PETITIONER]:       Yes, ma'am.

THE COURT:          You understand that the jury's here and they are entitled to, if you choose, to assess punishment in this case but you don't want them to do that.

[PETITIONER]:       No, ma'am.

THE COURT:          So you have an agreement for what?

[PETITIONER]:       My attorney said 20 years and 35 running concurrent.

THE COURT:          20 years on the delivery and 35 on the possession.  And is that your agreement?

[PETITIONER]:       Yes, ma'am.

*    *    *    *    *

THE COURT:          And Mr. Sanders do you have anything to say why sentence should not be pronounced against you?

[PETITIONER]:       No, ma'am.

R.R. Vol. 4, pp. 19-20.

Contrary to petitioner's allegation, and contrary to the judgment appearing of record in this case, the record does not show that petitioner pleaded "not true" to the enhancement paragraphs.  Petitioner fails to rebut the presumed correctness of the state court's judgment reflecting his plea of "true" to the two enhancement paragraphs, and its finding on habeas that petitioner pleaded "true."

20

Further, the state court of appeals denied relief under these claims on direct appeal, as follows:

> [A]ppellant specifically argues that trial counsel was ineffective during the punishment phase because she failed to (1) object to the State's failure to prove the enhancement paragraphs, (2) obtain a ruling on the motion to quash the enhancement paragraphs, and (3) adequately investigate the alleged prior convictions.   Again, the record is completely silent regarding counsel's omissions.  Specifically, the record does not reflect whether or not counsel investigated the prior convictions or what an investigation would have revealed.  Thus, appellant cannot meet either prong of the *Strickland* test.

*Sanders*, at *8.  Petitioner fails to rebut the presumed correctness of these findings by clear and convincing evidence.

To the extent petitioner claims that counsel failed to suppress his prior convictions prior to his testifying at guilt-innocence, the record refutes his argument.  Counsel filed a motion for a pretrial hearing to determine admissibility of petitioner's prior convictions. Clerk's Record at 50-53.   In her affidavit submitted to the state court on collateral review, counsel testified that:

> The enhancements were over 10 years old and Defendant's Motion for Pretrial Hearing For Determination of Admissibility of Priors was in fact filed to address this issue.   On the first day of trial, the motion was heard and considered by the Court.  This motion was presented because the defendant had informed me that he did want to testify at [the] guilt/innocence phase and I did not want the old priors to be disclosed at that time.  See the Motion for New Trial.  The State was not permitted to mention defendant's priors during the guilt/innocence phase of trial.  Defendant testified free of being impeached with the priors during the guilt/innocence phase of the trial.

*Sanders*, pp. 46-47.  In rejecting petitioner's claim, the state habeas court expressly found that counsel's affidavit was credible and that petitioner was afforded reasonably effective assistance of counsel.  *Id.*, p. 85.  A review of the record confirms that petitioner was not cross-examined as to any prior convictions during his testimony at guilt-innocence.

Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence.  Nor does petitioner show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

<u>Failure to Challenge the Indictments</u>

Petitioner complains that counsel was ineffective in failing to challenge the indictments in his two offenses.  The state habeas court expressly found that the indictments were legally sufficient in his two cases.  *Sanders*, p. 85.  Counsel is not ineffective in failing to present groundless or futile motions or objections.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  The sufficiency of a state indictment is a matter of state law, and a state court's finding of its sufficiency is binding on this Court.  *See Wood v. Quarterman*, 503 F.3d 66, 68 (5th Cir. 2007).

Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence.  Nor does petitioner show that the state court's determination was contrary to or involved an

unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

Misinformation Regarding State Jail Felony Charges

Petitioner alleges that trial counsel mislead him into believing that his criminal charges were state jail felony charges.  In her affidavit submitted to the trial court on collateral review, counsel testified as follows:

> I never informed defendant that he was only charged with a state jail felony. The defendant was well aware of the offers made by the State.  State jail was not an issue in this case. Defendant has been to prison many times and was well aware of the fact that he would not have been offered 35 years TDC for a state jail case.  I have attached . . . reset forms reflecting the 35 year offer. The defendant also states in his letter to the Court dated April 22, 2004, that he 'would not consider the DA offer of 15 years.'  I never informed the defendant that he was only looking at state jail time.

*Sanders*, p. 47.  The state habeas court found counsel's affidavit credible, and determined that petitioner was afforded reasonably effective assistance of counsel.

Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence.  Nor does petitioner show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

<u>Failure to Subpoena Witnesses</u>

Petitioner claims that trial counsel was ineffective in failing to subpoena and call defense witnesses.  The trial record shows that petitioner testified for the defense during the guilt-innocence phase of trial.  He complains that "other witnesses" were available that counsel failed to subpoena.  No affidavits or other probative summary judgment appear in the record establishing the potential favorable testimony, willingness to testify, and availability for trial of these purported uncalled witnesses.  *See Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) ("Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.").  Conspicuously absent in the record is any affidavit of petitioner's common-law wife, who petitioner claims would have validated his version of the events.

In her affidavit submitted to the trial court on collateral review, counsel testified as follows:

> I met with Curtis Sanders in jail and in the courtroom to obtain the name of all possible witnesses. I personally went to the Third Ward area of Houston to locate witnesses. I was able to locate the son of the defendant on February 17, 2004.  The son's name is also Curtis Sanders.  He stated that he did not have any information concerning this case and did not wish to be called as a character witness.  I also attempted to locate James Charles in [the] Third Ward area.  I have attached a handwritten map which defendant and I prepared together on directions to be used to locate the witness. This is in fact the map that I used when I searched for the witness.
>
> I also discussed this case with Essie Sanders on February 12, 2004.  I was informed that the defendant had been in and out of jail so much in his life until the family simply does not want to be bothered with him. No family members

want[ed] to testify at the trial for defendant.  I also tried to contact Pat White at [telephone number].  However, as I informed defendant, that was not a working number.  She was not a witness to the alleged offense.  I would have called her only as a character witness if I had been able to locate her.

I tried many times to contact James Charles personally.  A subpoena was issued for him at [street address].  Defendant stated that James Charles towed his car after the police had the car for about 40 minutes.  The defendant stated that he wanted to testify in his own defense concerning what happened on the date of the alleged offense.  He was aware that I did not have witnesses to call in his behalf.

*   *   *   *

I did believe that it would be beneficial to subpoena witnesses.  Two witnesses were subpoenaed, James Charles and Bobbie Sanders.  Neither would have been able to provide testimony as to whether the offense actually happened. James Charles was the tow truck driver who towed defendant's car after defendant was arrested.  Bobbie Sanders is defendant's ex-wife and would only have been a character witness at [the] punishment phase.

*Sanders*, pp. 45-46,47.  The state habeas court found counsel's affidavit credible, and determined that petitioner was afforded reasonably effective assistance of counsel.

Petitioner's claims of uncalled defense witnesses are conclusory, unsupported in the record, and fail to rebut the presumed correctness of the state court's finding with clear and convincing evidence.  Nor does petitioner show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

<u>Failure to Challenge Police Officers' Testimony</u>

Petitioner asserts that counsel failed to challenge the erroneous and contradictory testimony of the two police officers, Officer Goies and Officer Reece, including their erroneous description of petitioner's vehicle. In her affidavit, trial counsel testified that:

> Both Officer [Goies] and Officer Reece were cross-examined in the manner in which I determined was necessary.  The manner of challenging their testimony was to show that it was not credible and not to be believed by the jury.  Their testimony was challenged, because it was my intent to show that they could not see the location of the alleged incident from the location where they were parked.

*Sanders*, pp. 47-48.   The state habeas court found counsel's affidavit credible, and determined that petitioner was afforded reasonably effective assistance of counsel.

A review of the record reveals that counsel cross-examined the officers at length, and questioned the officers' locations and abilities to view the alleged offense.   On direct examination of petitioner, counsel impeached the officers' testimony regarding the make and model of petitioner's vehicle. That the officers and petitioner presented irreconcilable versions of the events simply constituted a matter of credibility and conflict resolution for the jury's determination.

Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence.  Nor does petitioner show that the state court's determination was contrary to or involved an

unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

Failure to Cross-Examine Officer Clopton

Petitioner alleges that counsel was ineffective in failing to cross-examine Office Clopton, one of the arresting officers.  A review of the state court record reveals that Officer Clopton was not a witness at trial; consequently, it was not possible for trial counsel to cross-examine him.  Counsel testified in her state habeas affidavit that:

> Officer Clopton was not called as a witness during the trial.  I do believe that his testimony would not have been helpful to defendant's case.  It would have bolstered the testimony of Officer [Goies] and Officer Reece, which was all damaging testimony.

*Sanders*, p. 48.  The state habeas court found counsel's affidavit credible, and determined that petitioner was afforded reasonably effective assistance of counsel.  Petitioner presents no probative summary judgment evidence of any favorable testimony Officer Clopton would have presented as a potential witness.

Petitioner's claim is conclusory, unsupported in the record, and fails to rebut the presumed correctness of the state court's finding with clear and convincing evidence.  Nor does petitioner show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No grounds for federal habeas relief are shown.

*Defective Indictment*

Petitioner complains of defective indictments for the two criminal offenses.  The sufficiency of a state indictment is not an issue for federal habeas review unless the indictment is so deficient as to deprive the state court of jurisdiction.  *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).  That question is foreclosed to federal habeas review, however, if the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case.  *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007).  Here, the sufficiency of the indictment was squarely presented to the Texas Court of Criminal Appeals, which adopted the state habeas court's findings that the indictments were legally sufficient under state law.  Although in its findings the trial court inadvertently referenced sections 481.115 and 481.112 of the Texas *Penal* Code, instead of the Texas *Health & Safety* Code, petitioner does not complain of the mistaken citation or show that he was mislead in any way by the error.  Even assuming petitioner were to raise such a complaint, the citation error would not raise an issue of federal constitutional dimension under the circumstances presented in the instant record.

The sufficiency of the indictments was squarely presented to the highest state court of Texas.  The court relied on the trial court's findings holding the indictments legally sufficient under state law.  Consequently, petitioner's claims of defective indictments are foreclosed to federal habeas review.

28

To any extent petitioner may be complaining that the State failed to prove as "true" the enhancement paragraphs alleged in the indictments, the state habeas court found that petitioner's plea of "true" to the enhancement paragraphs was sufficient to support the trial court's finding of "true" to the enhancement paragraphs. *Sanders*, p. 85. Petitioner fails to rebut the presumed correctness of this finding with clear and convincing evidence. No basis for federal habeas relief is shown.

### *Illegal Search and Seizure and Unlawful Arrest*

Petitioner is not entitled to federal habeas review of his claims for illegal search and seizure and unlawful arrest. It is well recognized that a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell,* 428 U.S. 465, 493-95 (1976). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *See Hughes v. Dretke,* 412 F.3d 582, 595 (5th Cir. 2005) (citing cases). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that – an opportunity. *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.; see also Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002). A habeas petitioner must plead and prove that the state court proceeding was inadequate in

order to obtain post-conviction relief in federal court. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986). Petitioner fails to do so in the instant proceeding.

Regardless, the sole legal basis for petitioner's Fourth Amendment claims is his insistence that the police officers lied at trial and that he is completely innocent of the offenses. Petitioner's disagreements with the police officers' testimony and the jury's verdict do not give rise to, or establish, Fourth Amendment claims for illegal search and seizure and unlawful arrest.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED. The petition for a writ of habeas corpus is DENIED, and his case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on March 18, 2008.

_____
Gray H. Miller
United States District Judge

30